UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA


v.                                    CRIMINAL NOS.  4:05-CR-109
                                                     4:06-CR-32
                                                     5:07-CR-9-001

LAMONT CLINTON KING


                    **MEMORANDUM OPINION AND ORDER**

       In Raleigh, on December 11, 2012, came the defendant, Lamont Clinton King, in person and by counsel, Sue G. Berry; and came the United States by Barbara D. Kocher, Assistant United States Attorney, for the purpose of considering the defendant's plea of guilty to Count Two of Criminal Action No. 4:05-CR-109-1FA, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Kristi O. Benfield appeared on behalf of the United States Probation Department.

       The court inquired of the defendant, addressing him personally and by counsel, to determine the competency of the defendant to proceed. The court found the defendant competent.

       The court informed the defendant of the maximum penalties to which he will be exposed by virtue of his plea of guilty and defendant acknowledged his understanding of the same.

       The defendant stated that he understood that the matter of sentencing remains entirely within the discretion of the court

based on what the presentence investigation reveals and that he will be bound by his plea and will have no right to withdraw that plea if the sentence imposed is more severe than he expected.

After considering comments by counsel, the court found the defendant's decision to enter a guilty plea to be fair to the interests of the defendant and the United States. The court then conditionally approved the guilty plea.

The court next inquired as to the defendant's plea and the defendant responded that he intended to plead guilty. The court explained the range of penalties to which the defendant would be subject by virtue of his guilty plea. The court also explained the statutes under which this action is prosecuted and the elements which the United States would have had to prove, beyond a reasonable doubt, had the matter been tried. The Assistant United States Attorney then stated the factual basis establishing that the defendant committed the offenses to which he was pleading guilty. The defendant admitted that the factual basis as stated was substantially true.

The court further informed the defendant, pursuant to the requirements of Rule 11 of the Federal Rules of Criminal Procedure, of the constitutional and other rights he would waive by pleading guilty to the count in the indictment, which is a felony. The court then determined that the defendant understood those rights. The court advised the defendant that he could not

withdraw his plea if he was dissatisfied with the sentence rendered.

The court inquired of the defendant personally as to whether any threats or promises had been made to him to induce him to plead, whether any predictions were made regarding the sentence he might receive, and whether he had any second thoughts about entering a plea of guilty, to which questions the defendant responded in the negative.

Based upon the defendant's plea of guilty, as well as his factual admission of guilt, the court found that there existed a factual and legal basis for the defendant's plea of guilty. Based upon the United States' proffer of evidence against the defendant, the court found that there also existed an independent factual basis for the defendant's plea of guilty. The court further found that the defendant tendered his plea of guilty voluntarily and with a full understanding and awareness of the constitutional and other rights which he gives up by pleading guilty, and with an awareness of what the United States would have to prove against him if the case went to trial. The court further found that the defendant had an appreciation of the consequences of his plea, and accepted the defendant's plea of guilty.

By Order entered September 19, 2012, the court had directed the Probation Office to update defendant's presentence

3

report in order to prepare for defendant's resentencing on other counts. Given the recentness of that report, the court determined that a further update of the presentence report was unnecessary.

At the conclusion of the plea hearing, the court proceeded to sentencing.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Eastern District of North Carolina and the Probation Office of this court.

**IT IS SO ORDERED** this 18th day of December, 2012.

ENTER:

_David A. Faber_
David A. Faber
Senior United States District Judge